IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BLAKE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:05-cv-00194 |
| KIA MOTORS AMERICA, INC., | ) |
| KIA MOTORS CORPORATION, | ) |
| HYUNDAI-KIA TECHNICAL CENTER, INC., | ) |
| HYUNDAI-KIA R&D CENTER, | ) |
| DUCK BOO INTERNATIONAL CO., LTD., | ) |
| TAKATA CORPORATION, | ) |
| TAKATA, INC. and | ) |
| JOHN DOE DEFENDANTS 1-5, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

Kia Motors America, Inc. and Kia Motors Corporation expect to produce and Hyundai-Kia Technical Center, Inc., Takata Corporation, TK Holdings Inc. and Duck Boo International Co., Ltd.[1] (collectively, the "companies") may produce certain information that the companies consider confidential and trade secrets. The companies want their confidential information and trade secrets protected by an appropriate protective order. All Parties have agreed to the terms of this order.

Accordingly, and pursuant to Federal Rule of Civil Procedure 26, it is ORDERED that the following procedure shall govern the production, use and disposal of the companies' confidential documents and information.

---

[1] Duck Boo International Co., Ltd. ("DBI") contends that this Court is without personal jurisdiction over it and has filed a motion to dismiss for lack of personal jurisdiction. In an effort to keep discovery moving and in order to respond to jurisdictional discovery served upon DBI while awaiting a Court order setting forth discovery deadlines, DBI and all parties to this lawsuit have agreed that DBI's participation in discovery is not a waiver of DBI's challenge to this Court's jurisdiction. Accordingly, DBI may be providing confidential documents pursuant to this stipulated protective order. If DBI does not prevail in its motion to dismiss for lack of personal jurisdiction, DBI may be required to produce additional confidential documents, which will be subject to this Stipulated Protective Order.

1. <u>Designation of Confidential Documents and Information</u>. The companies shall mark any documents containing confidential information and/or trade secrets as "confidential." The documents so marked and the information contained in them ("confidential documents and information") shall only be used, shown and disclosed as provided in this order. Confidential documents and information will not include any documents that have been publicly disclosed by the companies, produced by the companies in other litigation without being subject to a similar confidentiality order or introduced as exhibits at trial without being under seal or subject to a similar confidentiality order.

2. <u>Access to Confidential Documents and Information by Counsel and the Parties</u>. Confidential documents and information shall be made available only to "Qualified Persons." The term "Qualified Persons" means the Court and its officers, the parties, their counsel and those paralegals, interpreters, stenographic and clerical employees assisting such counsel who have read the provisions of this order and have agreed to be bound by it. No other person shall have access to confidential documents or information without the advance written approval of the companies or future order of this Court. No person who gains access to confidential documents or information may disclose their contents or information contained in them to any other person without the prior written approval of the companies or the Court.

3. <u>Access to Confidential Documents and Information by Experts or Consultants</u>. Independent experts and/or consultants (i.e., non-testifying experts) retained by the Parties may be included as "Qualified Persons" if they certify that they have read this protective order and agree to be bound by its terms and conditions. An executed original of that certification shall be obtained by the Parties' counsel before such persons are given access to confidential documents. All such certifications shall be maintained by the Parties' counsel until such time as this action has been concluded and all confidential documents and information are returned to counsel for the companies. A form of certification is attached as Exhibit "A".

4. <u>Challenges to Claims of Confidentiality</u>. If a Party contends that any information, documents or portions of them that the companies have designated as confidential are not entitled to protection, the challenging party may notify the producing party in writing by describing with reasonable particularity the challenged documents and the basis for the challenge. The producing party shall serve the challenging party with an affidavit or other appropriate documents in support of its claim of confidentiality within thirty days after receiving the notice. If the parties are unable to informally resolve the dispute, the challenging party may file a motion to change the designation which need only identify with reasonable particularity the documents or portions that the challenger deems unworthy of protection. The party claiming privilege shall bear the burden of showing that the designation is proper. The challenger shall have the right to reply to the claiming party's submission. The documents and information shall remain confidential until their status is changed by stipulation or order.

5. <u>Use of Confidential Documents and Information Generally</u>. Confidential documents and information may be used solely for the purpose of this lawsuit and for no other purpose. Plaintiff's counsel may, however, share protected documents with counsel for other plaintiffs with pending litigation against KMC or KMA involving personal injury or wrongful death arising out of an alleged "false latch" of an A97 buckle. Those counsel shall be considered "Qualified Persons" and be subject to the provisions of this order relevant to Qualified Persons.

6. <u>Use of Confidential Documents and Information In This Lawsuit.</u> If confidential documents and information are used in depositions, all portions of the transcript of such depositions, and any exhibits referring or relating to confidential documents or information, shall themselves be considered confidential documents and information. The Court reporter shall bind the confidential portions of the transcript and exhibits separately and label them "confidential". The exhibits will have a legend on them and be easily identified as confidential. Any party that considers a portion of the transcript to be subject to this order shall so advise the court reporter and all other parties either during the deposition or within 30 days after receiving

a copy of the transcript. In addition, the deponent is deemed to be ordered that, pursuant to this protective order, he or she may not divulge any such confidential documents or information except to Qualified Persons. The use or introduction of confidential documents or information as exhibits at deposition shall not constitute a waiver of their confidential status, and such documents and information shall continue to be subject to the protections afforded by this order.

7.   <u>Filing and Sealing</u>.  Confidential documents and information, including confidential portions of any transcript, filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers that shall be endorsed with the title of this action and a statement substantially in the following form:

"Filed Under Seal Pursuant to Protective Order"

The envelope or container shall not be opened or released to anyone other than Qualified Persons without further order of the Court. The clerk of the court shall maintain such confidential documents and information in a separate portion of the court files not available to the public.

8.   <u>Return at the Conclusion of this Action</u>.  Within forty-five days after this action is concluded, the party that received the confidential documents and information shall return all confidential documents and information, and all copies of them, to the producing parties' counsel. If any confidential documents and information are furnished to any expert or to any other qualified person, the party that received the confidential documents and information shall ensure that all confidential documents and information, and all copies of them, in the possession of such persons are returned to counsel for the producing party within the same time period. All Parties are permitted to retain a list of the documents by bates number that are produced by the companies under this protective order.

9.   <u>Translations, Partial Translations and Summaries</u>.  The parties anticipate that the party that received the confidential documents and information or their representatives may prepare English translations, partial translations or summaries that restate or paraphrase the

contents of confidential documents and information produced by the companies under this order. The terms "translations" or "summaries" as used in this paragraph are defined as any documents which purport to be a reliable representation of the specific content of the privileged material contained in the confidential documents produced by the companies. That party may retain such translations, partial translations and summaries following the conclusion of this case provided that the party provides to counsel for the companies copies of each such translation, partial translation or summary which he wishes to retain within forty-five days of this action's conclusion. Each such copy shall be marked "confidential" in accordance with the terms of this protective order. Even after the conclusion of this case, that party, his counsel, experts and consultants shall continue to be bound by the terms of this order as to the future use, disclosure or dissemination of the confidential and trade secret information contained in such translations, partial translations and summaries. All translations, partial translations or summaries, and all copies of them, that the party does not wish to retain following this action's conclusion, shall be destroyed by that party's counsel. The provisions of this paragraph shall not apply to documents or portions of documents that comprise notes, analysis, mental impressions or strategy of the party's counsel with respect to the documents produced. In particular, the term "summaries" shall not include attorney work product notes, memoranda or attorney analysis of the documents produced.

10. <u>Amendments</u>. Nothing in this order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents and information, or contesting the designation of a confidential document or qualified person.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
MAGISTRATE

AGREED:

::ODMA\PCDOCS\RIC\85054\1
2112306.2

_/s/ Franklin P. Brannen, Jr._

Franklin P. Brannen, Jr., Esquire
KING & SPALDING L.L.P.
191 Peachtree Street, N.E.
Atlanta, GA 30303-176
Direct: 404.572.4693
fbrannen@kslaw.com

Counsel for Defendants
Kia Motors America, Inc.
Kia Motors Corporation
Hyundai-Kia Technical Center, Inc.
Takata Corporation and
TK Holdings Inc.

_/s/ Glen M. Darbyshire_

Glen M. Darbyshire, Esq.
Inglesby, Falligant, Horne, Courington, & Chisholm, P.A.
17 West McDonough Street
Savannah, GA 31402

Counsel for Defendant
Duck Boo International Co., Ltd.

_/s/ Theodore J. Leopold_

Theodore J. Leopold, Esquire
Spencer T. Kuvin, Esquire
RICCI-LEOPOLD, P.A.
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Columbia, South Carolina  29202
Telephone:  803/771-4400
Facsimile:  803/779-0016

and

William ("Bill") M. McHugh, Esquire
DURHAM, McHUGH & DUNCAN, P.C.
Bank of America Plaza, Suite 300
777 Gloucester Street
Post Office Box 2177
Brunswick, GA 31521

::ODMA\PCDOCS\RIC\85054\1
2112306.2

Telephone: 912-264-1800
Facsimile: 912-264-4480
wmchugh@durhamfirm.com

and

Taras Rudnitsky, Esquire
Rudnitsky Law Firm
3383 Oakmont Terrace
Longwood, FL 32779
Telephone: 407-804-1300
Facsimile: 407-804-1399
taras@carsafetylawyer.com

Counsel for Plaintiff

EXHIBIT A: NON-DISCLOSURE ACKNOWLEDGEMENT

    I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in this matter on _____. I understand the terms of the Stipulated Protective Order. I agree to its terms. I understand that my agreement to its terms is a condition of my access to the confidential documents and information. Moreover, I hereby consent to the jurisdiction of the above captioned Court to enforce the terms of the Stipulated Protective Order.

    I recognize that any breach of this Non-Disclosure Acknowledgement or of the Stipulated Protective Order may be punishable as a contempt of court. All civil remedies for breach of this Non-Disclosure Acknowledgement are specifically reserved by the companies and are not waived by the disclosure or Stipulated Protective Order. Moreover, I recognize that the companies may pursue all civil remedies available to them as a third-party beneficiary of my agreement.

    Dated: _____

_____
(NAME)

_____
(FIRM NAME)

_____
(ADDRESS)

_____
(CITY)       (STATE)       (ZIP)

_____
(TELEPHONE NUMBER)

STATE OF _____

COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of _____, 2001, by _____, who is personally known to me or who has produced _____ (form of identification) as identification.
                     (SEAL)

_____
NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BLAKE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>KIA MOTORS AMERICA, INC., KIA MOTORS CORPORATION, HYUNDAI-KIA AMERICA TECHNICAL CENTER, INC., HYUNDAI-KIA R&D CENTER; DUCK BOO INTERNATIONAL CO., LTD., TAKATA CORPORATION, TAKATA, INC., AND JOHN DOE DEFENDANTS 1-5,<br><br>    Defendants. | Case No. 2:05-CV-00194 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the following document:

(1)   Stipulated Protective Order.

by placing same in the United States Mail, postage prepaid in full, addressed to:

Andrew T. Bayman, Esq.
Frank P. Brannen, Jr., Esq.
Erica M. Long, Esq.
King & Spaulding, LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763

Robert L. Wise, Esq.
Todd Poole, Esq.
Christopher C. Spencer, Esq.
Bowman and Brooke, LLP
Riverfront Plaza West Tower, Suite 1500
901 East Byrd Street
Richmond, Virginia 23219

Michael H. Bai, Esq.
Wilson, Elser, Moskowitz Edelman & Dicker, LLP
150 East 42nd Street
New York, NY 10017

Glen M. Darbyshire, Esq.
Inglesby, Falligant, Horne,
    Courington & Chisholm, P.C.
Post Office Box 1368
Savannah, Georgia 31402-1368

This 4 day of January, 2006.

_____
WILLIAM M. MCHUGH
Georgia Bar No.: 493705
Attorney for Plaintiff, Blake Smith

DURHAM, MCHUGH & DUNCAN, P.C.
Post Office Box 2177
Brunswick, Georgia 31521
(912)264-1800